IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAWLINGS SPORTING GOODS COMPANY, INC., | ) ) ) | Cause No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| EASTON SPORTS, INC.<br>Serve:<br>    CSC - Lawyers Incorporating<br>    Service 2730 Gateway Oaks Drive<br>    Suite 100<br>    Sacramento CA 95833<br>Registered Agent for:<br>    Easton Sports, Inc.<br>    7855 Haskell Avenue<br>    Suite 200<br>    Van Nuys, CA 91406-1902 | ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Rawlings Sporting Goods Company, Inc. ("Rawlings"), for its Complaint against Easton Sports, Inc. states as follows:

## THE PARTIES

1.  Plaintiff Rawlings is a corporation incorporated under the laws of Delaware with its principal place of business in St. Louis, Missouri.

2.  Rawlings is in the business of developing, manufacturing and selling team sporting goods equipment, including baseball and softball products sold under the RAWLINGS® and WORTH® brand names.

3.  Rawlings sells its products in all 50 states of the United States and in foreign countries.

4. Upon information and belief, defendant Easton Sports, Inc. ("Easton") is a Delaware corporation with its principal place of business in Van Nuys, California.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement, unfair competition and false designation of origin arising under the Lanham Act (15 U.S.C. § 1051, et seq.), and for trademark infringement and unfair competition under the laws of the state of Missouri.

6. Because this action arises under the Lanham Act, this Court has original jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the claims brought under state law pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS APPLICABLE TO ALL COUNTS

8. Rawlings, through its division Worth Sports, and its predecessor in interest Worth, LLC, has used and is presently using the trademark TITAN in interstate commerce in the United States in conjunction with the sale of baseball and softball products.

9. Rawlings, through its division Worth Sports, and its predecessor in interest Worth, LLC, has used the mark TITAN continuously in conjunction with the sale of softballs since at least as early as 1989.

10. Rawlings is the owner of United States Trademark Registration No. 2,800,769 for the mark BLUE DOT TITAN for softballs, which registration is valid, subsisting and enforceable. A copy of United States Trademark Registration No. 2,800,769 is attached hereto as Exhibit A.

11. Rawlings is also the owner of United States Trademark Registration No. 2,825,591 for the mark RED DOT TITAN for softballs, which registration is valid, subsisting and enforceable. A copy of United States Trademark Registration No. 2,825,591 is attached hereto as Exhibit B.

12. On July 26, 2007, Rawlings filed an application Serial No. 77/239,373 for United States trademark registration of the mark TITAN 5.4L for sporting goods, namely, baseball bats and softball bats. Rawlings is the owner of this application. The application is currently pending in the United States Patent and Trademark Office.

13. At least as early as February 8, 2008, Rawlings began using the marks TITAN and TITAN 5.4L on baseball bats and softball bats being offered for sale in the United States.

14. On July 9, 2008, Rawlings filed an application Serial No. 77/518,305 for United States trademark registration of the mark TITAN for sporting goods, namely, baseball bats and softball bats. Rawlings is the owner of this application. The application is currently pending in the United States Patent and Trademark Office.

15. Rawlings, through its division Worth Sports, and its predecessor in interest Worth, LLC, has spent substantial amounts of money, time and effort to promote the TITAN brand of sporting goods, including through sales representatives, catalogs, advertisements and on its website.

16. As a result of these efforts, Rawlings has developed substantial good will and recognition in the TITAN mark.

17. Due to Rawlings' use and promotion of products bearing the TITAN mark, the trade and purchasing public have come to know and recognize the TITAN name as a designation

identifying the Worth division of Rawlings as the source of baseball and softball products bearing this name.

18. Accordingly, the TITAN mark has become an asset of substantial value for Rawlings as a symbol of quality merchandise in the sporting goods industry.

19. Upon information and belief, beginning in or around the summer of 2008, more than nine years after Rawlings (via its predecessor in interest) began using the TITAN marks to designate its products, Defendant Easton Sports, Inc. ("Easton") began using the name TITAN on and in conjunction with the sale of softball and baseball bats. Copies of advertising for these products printed from Easton's website are attached hereto as Exhibit C.

20. The products of Rawlings sold under the trademark TITAN and the products of Easton that bear the TITAN name are both offered to the general public through retail stores and thus travel through identical channels of trade to the same ultimate purchasers.

21. The past and continued use of Rawlings' TITAN mark by Easton is likely to cause consumer confusion, deception and mistake in the marketplace.

22. Easton's unauthorized use of the TITAN mark has caused injury to Rawlings and will cause future irreparable injury if such use is not restrained by this Court.

23. Upon information and belief, Easton's unauthorized use of the TITAN mark in the sporting goods industry was done with the knowledge of Rawlings' prior rights in and to the use of the TITAN mark.

### COUNT I
### (Federal Trademark Infringement 15 U.S.C. § 1114)

24. Rawlings incorporates herein by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant's unauthorized use of the TITAN mark in connection with the sale and offering for sale of sporting goods equipment constitutes an infringement of the rights of Rawlings in and to its federally registered trademarks, and the common law trademark rights it enjoys as a result of its continued use of the TITAN marks since at least as early as 1989 and its pending applications for registration of such marks, in violation of 15 U.S.C. § 1114(1).

26. Defendant's use of the TITAN mark and variants thereof has and is likely to continue to cause confusion or mistake among the purchasing public as to the origin, affiliation, connection or association of Defendant's products with plaintiff's products.

27. Defendant's infringing acts have damaged Rawlings and will, unless restrained by this Court, further irreparably damage Rawlings and the goodwill associated with its trademark.

28. Upon information and belief, Defendant was aware of Rawlings' rights in and use of the TITAN mark, including Rawlings' federal registrations of the mark, when Defendant began using the mark.

## COUNT II
### (Federal Unfair Competition 15 U.S.C. § 1125(a))

29. Rawlings incorporates herein by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Defendant's use of the TITAN mark for sporting goods is likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of these products.

31. Customers and potential customers familiar with Rawlings product line sold under the TITAN marks will be likely to believe that Defendant's products utilizing the TITAN name were provided under the sponsorship or affiliation with Rawlings.

32. The use of the mark TITAN by Defendant is a false designation or misleading description of fact and/or false or misleading representation of fact under 15 U.S.C. § 1125(a)(1). It wrongfully and falsely indicates that TITAN products that Defendant sells originate from or are in some way connected with Rawlings when in fact they are not.

33. Defendant's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

34. Defendant's conduct as set forth herein has damaged Rawlings and will, unless restrained by this Court further impair and damage the goodwill and good reputation of Rawlings in products bearing the TITAN marks.

## COUNT III
### (State Common Law Unfair Competition)

35. Rawlings incorporates herein by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Rawlings owns and enjoys common law rights in and to the trademark TITAN under the laws of Missouri.

37. Rawlings has no control over the quality of the goods offered by Defendant under the name TITAN and accordingly, Defendant's continued and unauthorized use of the TITAN name will result in the loss of Rawlings' goodwill associated with its own products sold under the TITAN marks and Rawlings will be irreparably injured as a result.

38. Defendant's acts as set forth herein constitute common law trademark infringement under the laws of Missouri.

39. Defendant's conduct as set forth herein has damaged Rawlings and will, unless restrained by this Court, further impair and damage the goodwill and good reputation of Rawlings in the sale of its products bearing the TITAN marks.

## COUNT IV
### (State Common Law Trademark Infringement)

40. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Rawlings is the owner of the common law trademark in the TITAN marks, which is well-known, distinctive, and recognized as denoting high quality goods to the public throughout the United States.

42. Due to such reputation and public awareness, Rawlings has established valuable goodwill in connection with its common law trademarks using the name TITAN.

43. Defendant's adoption and use of the TITAN name, which is confusingly similar to Rawlings' common law trademark, is likely to cause confusion or mistake and will deceive the public into associating Defendant's product with those offered by Rawlings.

44. These acts constitute common law trademark infringement for which Rawlings has no adequate remedy at law.

45. Defendant's infringement of Rawlings' rights under Missouri common law entitle Rawlings to damages and/or disgorgement of profits, pre-judgment interest and post-judgment interest.

## RELIEF SOUGHT ON ALL COUNTS

WHEREFORE, Rawlings prays for an Order and Judgment against Defendant as follows:

A. That Defendant, its officers, agents, servants, and employees and all others acting in concert or participation with Defendant be preliminarily and permanently

       enjoined from (1) further use of the name TITAN in connection with the sale, offering for sale, advertising, and promotion of sporting goods; (2) committing any other act likely to cause the public or trade to believe that Defendant is in any manner connected, licensed, sponsored, affiliated or associated with Rawlings or from otherwise competing unfairly with Rawlings; (3) using TITAN as a metatag on any Internet website;

B.   The impoundment of all advertising and promotional materials that contain any use or reference to the mark TITAN in conjunction with the sale of sporting goods and ordering that such impounded material be delivered to Rawlings for destruction;

C.   An accounting by Defendant for all profits derived from Defendant's wrongful acts of trademark infringement and false designation of origin and ordering that such profits be paid to Rawlings along with an award of costs and appropriate interest, pursuant to 15 U.S.C. § 1117, and that such monetary award be trebled;

D.   An award to Rawlings of its reasonable attorney's fees and such other compensatory damages and costs that this Court determines is fair and appropriate pursuant to 15 U.S.C. § 1117.

E.   An award to Rawlings three times the amount of Defendant's profits or Rawlings' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. §1117(b);

F.   An award to Rawlings such sum as is reasonably determined to be needed to compensate Rawlings for corrective advertising required by the infringing activities of Defendant; and

G.  Such other and further relief as this Court deems proper and necessary.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By: _/s/ Sandra J. Wunderlich_____
Sandra J. Wunderlich #33182
168 N. Meramec Avenue, Suite 400
St. Louis, Missouri 63105
(314) 259-4500 Telephone
(314) 259-4599 Facsimile
swunderlich@stinson.com E-Mail
Attorneys for Plaintiff